UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAWORSKI LEE SIMMONS,

    Petitioner,

v.                                                      Case No. 3:14cv374/MCR/CJK

JULIE L. JONES,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as untimely (doc. 16), providing relevant portions of the state court record (doc. 17). Petitioner opposes dismissal. (Doc. 19). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

BACKGROUND AND PROCEDURAL HISTORY

On November 12, 2010, petitioner was found guilty by jury verdict of sexual

battery (force likely to cause serious personal injury) in Escambia County Circuit Court Case No. 09-CF-5908.  (Doc. 17, Ex. A, pp. 36-37).[1]  Petitioner was adjudicated guilty and sentenced on November 22, 2010, to thirty years imprisonment.  (Ex. A, pp. 58-64).  The Florida First District Court of Appeal ("First DCA") per curiam affirmed on January 31, 2012, without a written opinion.  *Simmons v. State*, 78 So. 3d 540 (Fla. 1st DCA 2012) (Table) (copy at Ex. H).  The mandate issued February 16, 2012.  (Ex. I).

On February 11, 2013, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850.  (Ex. J, pp. 1-17).  The state circuit court denied the motion on July 22, 2013.  (*Id.*, pp. 24-79).  The First DCA affirmed on March 7, 2014, per curiam and without a written opinion.  *Simmons v. State*, 136 So. 3d 597 (Fla. 1st DCA 2014) (Table) (copy at Ex. M).  The mandate issued May 7, 2014.  (Ex. P).

Petitioner filed his federal habeas petition in this court on August 6, 2014. (Doc. 1, p. 1).

DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition.  *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).  The AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  The limitations period runs from the latest of:

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[1]All references to exhibits are to those provided at Doc. 17, unless otherwise noted.

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1). The limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

Petitioner has not asserted that a State-created impediment to his filing a federal habeas petition existed, that he bases his claims on a right newly recognized by the United States Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before his conviction became final. Accordingly, the statute of limitations is measured from the remaining trigger, which is the date on which petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1).

The First DCA affirmed petitioner's judgment of conviction on January 31, 2012. Petitioner did not seek review of his conviction in the United States Supreme Court. Accordingly, petitioner's conviction became "final" for purposes of § 2244 on April 30, 2012, when the ninety-day period for seeking certiorari from the Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1); *Bond v. Moore*, 309 F.3d 770, 773 (11th Cir. 2002) (holding that limitations period began to run when the time expired for filing a petition for certiorari with the United States Supreme Court). The

federal habeas limitations period began running the following day, May 1, 2012, and expired one year later on May 1, 2013, in the absence of tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period); *McCloud v. Hooks*, 560 F.3d 1223, 1229 (11th Cir. 2009) (calculating expiration of limitations period as one year from the day after the judgment became "final" under § 2244(d)(1)).

Petitioner allowed 286 days of the limitations period to lapse before filing his Rule 3.850 motion on February 11, 2013. Petitioner's Rule 3.850 motion was pending, and statutorily tolled the limitations period, from February 11, 2013, until May 7, 2014, the date the mandate issued in petitioner's appeal of the order denying his motion. *See Nyland v. Moore*, 216 F.3d 1264, 1267 (11th Cir. 2000) (recognizing that a "properly filed" postconviction motion is "pending" under Florida procedure – and consequently tolls the limitations period – until the appellate court's issuance of the mandate on appeal).

The limitations period began running once more on May 8, 2014, and expired 79 days later on July 25, 2014. Petitioner did not file his federal habeas petition until August 6, 2014. The petition is untimely.[2]

Petitioner asserts five reasons his petition should not be dismissed. First, he argues that the 90-day period for seeking Supreme Court review of his conviction ran from the date of the First DCA's issuance of the mandate on direct appeal, not 90 days from issuance of the appellate court's opinion. (Doc. 19, pp. 1-2). The law on

---

[2]Respondent calculates the limitations period as expiring on July 27, 2014, and because that was a Sunday, July 28, 2014. (Doc. 16, p. 4). Whether the district judge accepts respondent's calculation or the undersigned's calculation is of no consequence, as the petition is untimely under both.

this point is clear. The 90-day period for filing in the United States Supreme Court a petition for a writ of certiorari seeking review of a decision of a state appellate court runs from the date of the state court's opinion, not the date of the mandate. *See* SUP. CT. R. 13.3; *see also Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

Second, petitioner argues that he is entitled to equitable tolling because he did not have counsel during his state postconviction proceedings, and misapprehended the calculation of when his conviction became final. (Doc. 19, pp. 3, 4-6). A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted); *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam) (holding that equitable tolling is available "when a movant untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence"). "Equitable tolling is an extraordinary remedy which is typically applied sparingly." *Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000). "The burden of proving circumstances that justify the application of the equitable tolling doctrine rests squarely on the petitioner." *San Martin v. McNeil*, 633 F.3d 1257, 1268 (11th Cir. 2011) (*citing Drew v. Dep't of Corr.*, 297 F.3d 1278, 1286 (11th Cir. 2002)). A petitioner's lack of counsel or misapprehension of the law governing the limitations period does not provide a basis for equitable tolling. *Rivers v. United States*, 416 F.3d 1319, 1323 (11th Cir. 2005) (stating, in the context of a 28 U.S.C. § 2255 proceeding, that lack of an education was no excuse for delayed efforts to vacate a state conviction); *Outler v. United States*, 485 F.3d 1273, 1283 n. 4 (11th Cir. 2007) (" [P]ro se litigants, like all others, are deemed to know of the one-year

statute of limitations."); *see also, e.g., Perez v. Florida*, 519 F. App'x 995, 997 (11th Cir. 2013) ("[W]e have not accepted a lack of a legal education and related confusion or ignorance about the law as excuses for a failure to file in a timely fashion.").

Third, petitioner argues: "[T]he Petitioner is suffering from mental disorders for which he is regularly being treated by mental health staff at his correctional institution. Based on Petitioner's mental disorders he has difficulties to remain focused on his postconviction litigation, and as such the Petitioner relies entirely on assistance from other inmates and prison law clerk to perfect his legal pleadings." (Doc. 19, p. 3). "[M]ental impairment is not *per se* a reason to toll a statute of limitations." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009). Rather, the alleged impairment must have affected petitioner's ability to file a timely habeas petition. *Id.*; *see Lawrence v. Florida*, 421 F.3d 1221, 1226-27 (11th Cir. 2005), *aff'd* 549 U.S. 327, 127 S. Ct. 1079, 166 L. Ed. 2d 924 (2007). In *Lawrence*, the Eleventh Circuit concluded that a petitioner's allegations that his full-scale IQ was 81 and that he had "suffered from mental impairments his entire life" alone were insufficient to justify equitable tolling because they did not establish a "causal connection between his alleged mental incapacity and his ability to file a timely petition." 421 F.3d at 1226-27. By contrast, in *Hunter*, the Eleventh Circuit found that an evidentiary hearing was necessary where the petitioner's evidence of his significant, irreversible mental retardation and illiteracy raised a factual issue as to whether his mental impairment affected his ability to timely file a federal petition. 587 F.3d at 1309-10. Here, petitioner's vague and conclusory allegation of a "mental disorder" affecting his ability to "remain focused" fails to establish an extraordinary circumstance, and further fails to establish the requisite causal connection between petitioner's mental condition and his ability to timely file a petition. To the contrary, petitioner's allegations as a whole support the conclusion that the reason petitioner did not file

his federal petition on time was because he misunderstood when his conviction was considered "final" under § 2244. Petitioner has not met his burden of proving circumstances involving his mental health that justify equitable tolling. *See, e.g., Lawrence, supra*, 421 F.3d at 1226-27; *Lawrence, supra*, 549 U.S. at 327 ("Lawrence argues that his mental incapacity justifies his reliance upon counsel and entitles him to equitable tolling. Even assuming this argument could be legally credited, Lawrence has made no factual showing of mental incapacity."); *see also, e.g., Spears v. Warden*, No. 13-13071, — F. App'x —, 2015 WL 1530119, at *4 (11th Cir. Apr. 7, 2015) (holding that although record indicated petitioner had "some history of mental-health issues and medication", even if petitioner's mental impairment constituted an extraordinary circumstance, it did not warrant equitable tolling because petitioner did not explain how his mental impairment affected his ability to file a timely petition); *Doe v. United States*, 469 F. App'x 798, 800-801 (11th Cir. 2012) (holding that movant's allegation of a low IQ did not satisfy his burden to show that equitable tolling applied to excuse the untimely filing of his § 2255 motion); *Scott v. Director, Virginia D.O.C.*, No. 7:13CV00606, at *3 (W.D. Va., Dec. 22, 2014) (rejecting petitioner's equitable tolling argument where, although petitioner offered a lengthy list of mental health disorders for which he had been treated, including attention deficit disorder, hyperactivity disorder, bipolar disorder, schizophrenia, depression and post-traumatic stress disorder, he failed to state facts showing that any of them prevented him from pursuing a timely federal habeas petition).

Fourth, petitioner argues that his "procedural default" should be excused under *Martinez v. Ryan*, — U.S. —, 132 S. Ct. 1309, 182 L. Ed. 2d 272 (2012). (Doc. 19, pp. 3-4). The equitable rule announced in *Martinez* provides no basis to overcome the statute of limitations bar, because the Eleventh Circuit has held that "the *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel

claims and does not apply to AEDPA's statute of limitations or the tolling of that period." *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014).

Petitioner's final argument is that he satisfies the miscarriage of justice exception because he "has been convicted of charges which were null and void as the case was previously *nolle prossed* by the State and the re-filed charges were filed after expiration of the speedy trial limitation period." (Doc. 19, p. 6). In *McQuiggin v. Perkins*, — U.S. —, 133 S. Ct. 1924, 185 L. Ed. 2d 1019 (2013), the Supreme Court held that federal courts have equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition. *Id*. at 1934. "In order to show the type of 'miscarriage of justice' that will excuse a procedural bar, a petitioner must make a colorable showing of actual innocence." *Crawford v. Head*, 311 F.3d 1288, 1327 (11th Cir. 2002) (*quoting Isaacs v. Head*, 300 F.3d 1232, 1255 (11th Cir. 2002)). Such a showing requires the petitioner to satisfy the *Schlup* standard, *McQuiggin*, 133 S. Ct. at 1928 (*citing Schlup v. Delo*, 513 U.S. 298, 115 S. Ct. 851, 130 L. Ed. 2d 808 (1995)), by demonstrating that constitutional error "probably resulted" in the conviction of one who is actually innocent. *Schlup*, 513 U.S. at 324, 326-27, 115 S. Ct. at 865, 867. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Id.*, 513 U.S. at 324, 115 S. Ct. at 865. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.*, 513 U.S. at 315-17, 115 S. Ct. at 860-62. "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than

legally innocent." *Id.*, 513 U.S. at 329 (*citing Bousley v. United States*, 523 U.S. 614, 623, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) ("'actual innocence' means factual innocence, not mere legal insufficiency")). As petitioner's claim is merely a technical or legal one, and not factual innocence, the miscarriage of justice exception does not apply.

## CONCLUSION

Petitioner's federal habeas petition is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations period. Petitioner's failure to timely file his petition requires dismissal of this case.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

The petitioner in this case fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483-84, 120 S. Ct. 1595, 1603-04, 146 L. Ed. 2d 542 (2000) (explaining the meaning of this term) (citation omitted). Therefore, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the

attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 16) be GRANTED.

2.  That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Jaworski Lee Simmons* in the Circuit Court for Escambia County, Florida, Case No. 09-CF-5908, be DISMISSED WITH PREJUDICE.

3.  That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 26th day of June, 2015.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.